BILL LOCKYER, Attorney General
 of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JENNIFER A. NEILL
Supervising Deputy Attorney General
DAVID A. CARRASCO, SBN 160460
Supervising Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-1938
 Fax: (916) 324-5205

Attorneys for Defendant Kernan
SA2006301205

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARJORIE BLACIC, individually, as Successor in Interest to DANIEL EUGENE BLACIC,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, and DOES 1 through 10, Inclusive, et al.,<br><br>Defendants. | Case No. 2:06-cv-0510 LKK DAD<br><br>**STIPULATION AND PROTECTIVE ORDER** |

   IT IS STIPULATED BY THE PARTIES AND ORDERED BY THE COURT AS FOLLOWS:

   **A.  CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

   Daniel Eugene Blacic (P-06880) (the decedent) died on January 10, 2005, while in the custody of the California Department of Corrections and Rehabilitation (CDCR) and shortly after an incident in which force was used on the decedent.  The parties anticipate that documents in

decedent's central and medical files, and documents related to investigation of the use-of-force incident will be sought by Plaintiff during the course of discovery.

These records are deemed confidential by the California Department of Corrections and Rehabilitation (CDCR) pursuant to 42 U.S.C. § 290dd-2, 42 C.F.R. § 2.1 et seq., California Evidence Code section 1040 and California Code of Regulations, title 15, section 3370(d). In addition, the confidential material is subject to a qualified privilege as official information under Federal common law.

The investigative report of the use-of-force incident includes summaries of interviews with inmates and staff. This investigative report, as are countless others prepared by CDCR staff, was prepared with the understanding that statements made in the course of the interviews would remain confidential. The disclosure of these investigative documents without a protective order will undermine the CDCR's ability to assure its employees and inmates that their statements will be maintained in confidence. The likely result of unprotected disclosure of these reports is that CDCR employees, whether subjects of investigations or witnesses to incidents being investigated, will be unwilling or less willing to cooperate with investigators. Accordingly, a protective order is warranted for these reports.

In addition, some of the medical records may concern psychiatric care and drug rehabilitation, which are deemed particularly sensitive. Beyond the confidentiality of medical records generally, the psychiatric and drug rehabilitation records deserve heightened protection under the Health Insurance and Portability Accountability Act (HIPAA).

**1. Records subject to this protective order without in camera review**

Pursuant to the conditions set forth in this protective order, the CDCR will release decedent's central file (with exceptions specified below) and medical records, including any psychiatric and drug rehabilitation records. CDCR is willing to release these records because Plaintiff is decedent's wife and her action concerns his death.

/ / /

/ / /

/ / /

**2. Records subject to this protective order after in camera review**

The records from decedent's central medical files contain or may contain information warranting greater protections than are afforded most of the other records in these files. The central files of these inmates include criminal history summaries the disclosure of which is prohibited by California Penal Code section 11142; the files may include investigative reports and summaries of interviews with staff or inmates concerning incidents not related to this case, the disclosure of which could jeopardize institutional security and safety; and there may be other information in these files which is not relevant to this action and, if disclosed, would undermine institutional security and safety.

With respect to these records, which deserve even more protection than the other confidential matter contained in the central file and medical records, the parties stipulate to the following procedure: (1) assuming such records exist, before CDCR releases these records to Plaintiff, the parties will meet and confer to determine whether they can agree that the records lack relevance and, therefore, need not be produced, or are relevant and will be produced subject to the conditions set forth below; (2) if the parties do not agree, then the documents in question will be presented to the Court for its in camera review to determine whether such records are sufficiently relevant to this case to warrant disclosure given the legal restrictions and security concerns connected to these records; and (3) documents ordered to be produced after the in camera review will be subject to the conditions of this protective order as set forth below.

**B. CONDITIONS FOR RELEASE OF CONFIDENTIAL MATERIAL**

All central file and medical records released in connection with this case to be treated as confidential material subject to the following conditions:

1. Before releasing any confidential material, the CDCR will redact personal addresses, dates of birth, social security numbers, and other identifying information (collectively, "identifying information") about any employee of the CDCR, any victim of crime(s), or any third party. Identifying information shall not be disclosed without further order of this Court. In no event shall confidential material containing identifying information about any employee of the CDCR be made public without written notice to the CDCR and the Court.

1    2.  The confidential material may be disclosed only to the following persons:

2        (a)  Counsel of record for plaintiff in this action;

3        (b)  Paralegal, stenographic, clerical and secretarial personnel regularly employed by
4    counsel for plaintiff;

5        (c)  Court personnel and stenographic reporters engaged in such proceedings as are
6    incidental to the preparation for the trial in this action;

7        (d)  Any outside expert or consultant retained by plaintiff's counsel for purposes of this
8    action;

9        (e)  Witnesses to whom the confidential material may be disclosed during or in
10   preparation for a deposition taken in this matter or otherwise during the preparation for trial and
11   trial, provided that the witness may not leave any deposition with copies of any of the confidential
12   material, and shall be informed and agree to be bound by the terms of this order;

13   3.  Plaintiff's counsel and his legal assistants and consultants shall not make copies of the
14   confidential material except as necessary for purposes of this litigation.

15   4.  Each person to whom disclosure of the confidential material is made shall, prior to the
16   time of disclosure, be provided by the person furnishing such materials a copy of this stipulation
17   and protective order, and shall agree in writing that he or she has read the stipulation and
18   protective order, and understands its provisions and conditions. The writing shall include the
19   express consent of the person to whom the disclosure is made to be subject to the jurisdiction of
20   this Court with respect to any proceeding related to enforcement of this stipulated protective order,
21   including without limitation, any proceeding for contempt.

22   5.  All confidential material in possession of Plaintiff's counsel shall be destroyed or
23   returned to the CDCR within 20 days of the time it is no longer needed for purposes of this
24   litigation.

25   6.  When Plaintiff's counsel returns or destroys the confidential material, he shall provide
26   Defendant's counsel with a declaration stating the all confidential material has been returned or
27   destroyed.

28

7. All confidential material obtained by Plaintiff's counsel shall not be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

8. Any confidential material filed with the Court by either party shall be filed and maintained under seal.  <u>The parties are referred to Local Rule 39-141 regarding the filing of documents under seal.  After final disposition of the case, the parties shall request that any hard copies of documents filed under seal be either unsealed or withdrawn from the custody of the Clerk by the filing party</u>.

9. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

10. The provisions of this protective order are without prejudice to the right of any party:

   (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

   (b) To apply to the Court for an order removing the confidential material designation from any documents;

   (c) To object to a discovery request.

11. The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO STIPULATED.

Dated:  June 12, 2006        */s/ David A. Carrasco (orig. in file)*
DAVID A. CARRASCO
Attorney for Defendant

Dated:  June 12, 2006        */s/ Brian T. Dunn (orig. in file)*
BRIAN T. DUNN
Attorney for Plaintiff

/ / /

/ / /

/ / /

**ORDER**

The Court, having considered the parties' stipulation for protective order, and good cause showing therefore, orders as follows:

1. The medical records of decedent Daniel Eugene Blacic (P-06880), including any psychiatric and drug treatment records, and his central file records, excepting his criminal history summary, investigative reports or summaries of interviews concerning incidents not related to the claims in this case, and other documents the disclosure of which would jeopardize institutional safety and security, shall be released subject to the conditions stipulated by the parties;

2. The parties shall meet and confer on any disputes concerning production of any documents in decedent's central file, such as criminal history summaries, investigative reports or summaries of interviews concerning incidents not related to the claims in this case, or other documents the disclosure of which would jeopardize institutional safety and security; and

3. If the parties cannot agree on whether or not any documents should be produced subject to the stipulated conditions, such documents shall be presented for the Court's in camera review; and any documents ordered to be produced after the in camera review will be subject to the stipulated conditions of this protective order.  <u>In the event an in camera review is requested, the parties shall contact the courtroom deputy of the undersigned at (916) 930-4128 to arrange for the in camera submission of materials</u>.

IT IS SO ORDERED.

DATED: June 21, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/blacic0510.stipord